UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-cv-21292

FRANK SANTANA, and other similarly
situated individuals,

        Plaintiffs,

v.

DIAMOND TOUCH, INC., d/b/a GRANBURY
SOLUTIONS, a Foreign Profit Corporation, *et al.*,

        Defendants.
_____/

**DIAMOND TOUCH, INC. D/B/A GRANBURY SOLUTIONS'
MOTION TO DISMISS COUNTS VI AND VII OF
PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT, AND
INCORPORATED MEMORANDUM OF LAW**

Defendant, Diamond Touch, Inc., d/b/a Granbury Solutions ("Granbury"), by and through its undersigned counsel, hereby files its Motion to Dismiss Counts VI and VII of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, Granbury moves for a more definite statement as to both claims.

**PRELIMINARY STATEMENT**

This is a seven-count action brought by a former employee, Frank Santana ("Plaintiff"), against Granbury, Novanovapos Inc., Shai Benamo, Ori Tamuz, and Amir Egel (collectively, "Defendants"). In Counts VI and VII, which are the subject of this Motion,

1

Plaintiff alleges Defendants[1] discharged him in violation of Florida's Private-Sector Whistleblower's Act (§ 448.102, Fla. Stat.) and Florida's Public-Sector Whistleblower's Act (§ 112.3187, Fla. Stat.), respectively.   Both claims arise from Plaintiff's assertion that Defendants terminated his employment because he objected to Defendants' alleged requests that he utilize and install unauthorized software.

The Complaint does not identify or proffer an actual violation of any law, rule, or regulation specifically applicable to Granbury's business.   Thus, Plaintiff cannot state a claim under the Private-Sector Whistleblower's Act.   Further, Plaintiff was not a public employee, Granbury is not a public employer, and Plaintiff's alleged disclosure was not protected by the Public-Sector Whistleblower's Act.   Therefore, for the reasons detailed below, Counts VI and VII should be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.   Alternatively, the Court should require a more definite statement.

## RELEVANT FACTUAL BACKGROUND[2]

1.      Plaintiff worked for Defendants from July 2014 through January 2016. Compl., ¶ 13.

2.      Plaintiff complained to an unidentified Vice President that "the Company"[3] was copying unauthorized software to sell and install in Mac computers.  Id., ¶ 16, 55, 61.

---

[1] Counts VI and VII refer only to "Defendant," without specifying to which Defendant each Count refers.  Presumably, Plaintiff intends them to refer to all Defendants.

[2] The Complaint allegations, while disputed, must be taken as true for purposes of this motion to dismiss.

[3] Plaintiff does not define the term "the Company" in the Complaint.  Presumably, he is referring to Granbury and/or Novanovapos, Inc.

3.      Plaintiff objected and refused to use the unauthorized software.  Id., ¶¶ 17, 55, 61.

4.      After complaining about the use of unauthorized software, Plaintiff was mistreated and received warnings and performance reviews.  Id., ¶ 18.

5.      Plaintiff was terminated in retaliation for complaining about the use and sale of the unauthorized software.  Id., ¶ 19.

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

<u>**STANDARD ON A MOTION TO DISMISS**</u>

To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions.  Rather, they must "allege some specific factual basis for those conclusions or face dismissal of their claims."  <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1263 (11th Cir. 2004).  A court evaluating a motion to dismiss must view the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true.  <u>See</u> <u>St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.</u>, 795 F.2d 948, 954 (11th Cir. 1986).  The same is not true for legal conclusions, which must be supported by factual allegations.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664 (2009).  Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007).  The complaint must not merely allege misconduct, but must show the pleader is entitled to relief.  <u>Iqbal</u>, 556 U.S. at 679.

As set forth below, Counts VI and VII of the Complaint fail to satisfy this pleading standard, and should be dismissed, with prejudice.

3

## POINT I

## PLAINTIFF CANNOT STATE A CLAIM FOR RETALIATION UNDER FLORIDA'S PRIVATE-SECTOR WHISTLEBLOWER'S ACT AS A MATTER OF LAW

The Florida Private-Sector Whistleblower's Act provides, in pertinent part, as follows:

> Prohibitions. — An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> .      .      .
>
> (3)   Objected to, or refused to participate in, any **activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.**

Fla. Stat. § 448.102(3) (emphasis added).[4]

To state a *prima facie* case of retaliation under the Florida Private-Sector Whistleblower's Act, Plaintiff must allege the following:  "(1) that there was a statutorily protected expression; (2) that an adverse employment action occurred; and (3) that there was a causal link between the participation and the adverse employment action."  Little v. Foster Wheeler Constructors, Inc., No. 09-61003-CIV-SELTZER, 2010 U.S. Dist. LEXIS 51082, at *17 (S.D. Fla. May 24, 2010).[5]  To determine the first prong – whether a statutorily protected expression exists – the Court must analyze whether the subject matter of the laws that were allegedly violated come within the scope of the Act and, if so, whether any of those violations constitutes an "activity, policy, or practice of the employer."  Id. at *19.  As discussed below, the Complaint fails to allege a statutorily protected expression.  Thus, Count VI of the Complaint should be dismissed with prejudice.

---

[4] In the Complaint, Plaintiff alleges only a violation of 448.102(3), not subsections (1) or (2). Thus, Granbury does not address the other two subsections in this Motion.

[5] Once a plaintiff establishes a *prima facie* case, the court applies the burden-shifting framework used for Title VII retaliation cases.  Sierminski v. Transouth Financial Corp., 216 F.3d 945, 950 (11th Cir. 2000); Little, 2010 U.S. Dist. LEXIS 51082, at *17.

A.      **Plaintiff Fails To Identify a Specific Law, Rule, Or Regulation Applicable to Granbury and Pertaining to Granbury's Business**

In Count VI, Plaintiff fails to identify any law, rule, or regulation applicable to Granbury and pertaining to Granbury's business, which Granbury purportedly violated.  This omission is fatal to Plaintiff's claim.

Plaintiff relies solely on the conclusory statement that he objected to an unidentified Vice President of one or more Defendants "about its requests to use and install unauthorized software, which activities violated laws, rules and regulations."  Compl., ¶ 55.  Nowhere in the Complaint does Plaintiff identify which laws, rules, or regulations Defendants supposedly violated.  It is well established that the "failure to allege a 'violation of a law, rule or regulation' negates any right to relief" under the Florida Private-Sector Whistleblower's Act.  Wolf v. Pac. Nat'l Bank, No. 09-21531-Civ-MORENO/TORRES, 2010 U.S. Dist. LEXIS 141693, at *11 (S.D. Fla. Dec. 28, 2010), *adopted by* Wolf v. Pac. Nat'l Bank, 2011 U.S. Dist. LEXIS 19560 (S.D. Fla. Feb. 28, 2011) (granting motion to dismiss complaint).  Where "there is no enacted law, statute, ordinance, or regulation, or administrative rule that was allegedly violated . . . . [t]he complaint's allegations can thus not give rise to a whistleblower claim."  Wolf, 2010 U.S. Dist. LEXIS 141693, at *13.  See also Pinto v. Microsoft Corp., No. 12-60509-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 139945, at *7-8 (S.D. Fla. Sept. 28, 2012) (holding that plaintiff did not state a claim under the Private-Sector Whistleblower's Act where plaintiff failed to "refer to specific laws, rules, or regulations which Defendant violated").

Further, not just any law, rule, or regulation falls within the scope of the statute.  The Florida Legislature adopted a restrictive definition of "law, rule, or regulation," limiting it only to "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance *applicable to the employer and pertaining to the business*."  Fla.

Stat. § 448.101(4) (emphasis added).  By utilizing this limited definition, the Florida Legislature clearly intended to limit the scope of actionable violations.  See Little, 2010 U.S. Dist. LEXIS 51082, at *20.  "The last phrase of the definition [of law, rule, or regulation] indicates that the conduct complained of must be in violation of a law, rule or regulation that is somehow *more specifically applicable to the business, as opposed to the public at large.*'"  Pinder v. Bahamasair Holdings Ltd., Inc., 661 F. Supp. 2d 1348, 1353 (S.D. Fla. 2009) (holding that laws against theft, battery, threats, and sexual harassment are generally applicable laws and not covered by the Florida Private-Sector Whistleblower's Act).  **Thus, violations of laws of general applicability do not come within the purview of Section 448.102(3).**  Plaintiff's Complaint gives no indication of whether the laws, rules, and regulations allegedly violated are those specifically applicable to the employer and pertaining to its business, as opposed to those pertaining to the public at large.  For this reason, as well, Count VI of the Complaint fails to state a claim and should be dismissed.

### B.      Even if Plaintiff Identified a Specific Law, Rule, or Regulation – Which He Did Not – The Claim Still Fails as a Matter of Law Because Plaintiff Failed to Establish An Actual Violation

Even assuming Plaintiff did identify a specify law, rule, or regulation that falls within the statutory definition – which he did not – he still cannot state a claim under the Florida Private-Sector Whistleblower Act because he failed to allege an *actual* violation.

The statute's plain wording provides that Plaintiff must prove conduct "*which is in violation* of a law, rule, or regulation."  Fla. Stat. § 448.102(3) (emphasis added).  Thus, an actual violation is required to state a claim, as opposed to a plaintiff's mere good-faith belief that a violation has occurred.  Kearns v. Farmer Acquisition Co., 157 So. 3d 458, 463 (Fla. 2d DCA 2015); Barry v. Publix Super Markets, Inc., Case No. 2011-CA-440 (Cir. Ct. 7th Jud. Cir. Fla. 2015).

While Florida District Courts of Appeal are split on this issue, [6] and the Third District Court of Appeal has not yet taken a stance, Granbury urges the Court to follow the holdings in the more recent <u>Kearns</u> and <u>Barry</u> decisions, as well as the rationale set forth by the Middle District of Florida in <u>White v. Purdue Pharma, Inc.</u>, 369 F. Supp. 2d 1335, 1338-39 (M.D. Fla. 2005), as follows:

> To expand the statutory language of the FWA further to provide protection for every employee's reasonable belief would be to run afoul of the plain language of the statute and to expand beyond recognition this limited rule which simply allows employees to shed light on their employer's conduct, which is in violation of a law, rule or regulation, without fear of retaliation.  Allowing for the expanded reading of the statute Plaintiff proposes would place an onerous burden on the employer to anticipate all of its conduct that an employee may reasonably believe is proscribed by a law, rule or regulation. Even if the employer knows the conduct is perfectly legitimate, it would be left with the Hobson's choice of terminating the employee and defending suit against the employee's reasonable belief or allow[ing] the employee to refuse to meet the requirements of the job with no consequence. In apparent recognition of this dilemma the legislature declined to include in the relevant section of the Act this protection for employees

<u>White</u>, 369 F. Supp. 2d at 1338-39; <u>see also</u> <u>Norman v. Bright Horizons Family Solutions, LLC</u>, No. 8:12-CV-1301-T-17TBM, 2014 U.S. Dist. LEXIS 8424, at *16-17 (M.D. Fla. Jan. 23, 2014); <u>Paulet v. Farlie, Turner & Co.</u>, No. 10-21021-CIV-MOORE-SIMONTON, 2010 U.S. Dist. LEXIS 62072, at *6 (S.D. Fla. June 2, 2010); <u>Little</u>, 2010 U.S. Dist. LEXIS 51082, at *28.

Here, Plaintiff fails to allege an actual violation of any law, rule, or regulation, as required to state a claim under the foregoing authority, as well as Section 448.102(3) of the

---

[6] The <u>Kearns</u> and <u>Barry</u> courts declined to follow the Fourth District Court of Appeal's decision in <u>Aery v. Wallace Lincoln-Mercury, LLC</u>, 118 So. 3d 904, 916 (Fla. 4th DCA 2013), in which the court held that an employee needs merely a good-faith, objectively reasonable belief that the employer's actions were illegal.

Florida Statutes.  Therefore, the Court should dismiss Count VI of Plaintiff's Complaint, with prejudice.

<strong>POINT III</strong>

**PLAINTIFF CANNOT STATE A CLAIM FOR RETALIATION UNDER FLORIDA'S PUBLIC-SECTOR WHISTLEBLOWER'S ACT AS A MATTER OF LAW**

Similarly, Plaintiff's claim arising under Florida's Public-Sector Whistleblower Act (Count VII) falls far short of the statutory requirements.  The Public-Sector Whistleblower Act was created to:

> . . . prevent agencies or independent contractors from taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare.

See Fla. Stat. § 112.3187(2).  The Act's prohibitions apply only to employers who fall within the statutory definitions of an "agency" or an "independent contractor."  Further, the Act only covers limited types of disclosures.

As discussed below, Count VII of Plaintiff's Complaint is deficient as to every element required to state a claim under Section 112.3187 of the Florida Statutes.  Allowing Plaintiff to re-plead would be futile, as he cannot remedy these deficiencies.

**A.**     **Granbury is Not an "Agency" or "Independent Contractor" as Required for the Act to Apply**

Section 112.3187 sets forth the following prohibited actions:

(a) An agency or independent contractor shall not dismiss, discipline, or take any other adverse personnel action against an employee for disclosing information pursuant to the provisions of this section.

(b) An agency or independent contractor shall not take any adverse action that affects the rights or interests of a person in retaliation for the person's disclosure of information under this section.

8

<u>See</u> Fla. Stat. § 112.3187(4)(a)-(b).

Thus, for the statute to be triggered, the actions must be taken by an "agency" or an "independent contractor," which are defined as follows:

> (a) "Agency" means any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative; any official, officer, department, division, bureau, commission, authority, or political subdivision therein; or any public school, community college, or state university.
>
> .      .      .
>
> (d) "Independent contractor" means a person, other than an agency, engaged in any business and who enters into a contract, including a provider agreement, with an agency.

<u>See</u> Fla. Stat. § 112.3187(3)(a), (d).

Glaringly absent from the Complaint are any allegations that Granbury falls into the definition of either "agency" or "independent contractor."  Rather, Plaintiff alleges simply that Granbury is a corporation engaged in interstate commerce and that Plaintiff worked for Granbury and the other Defendants.  Plaintiff has not alleged that Granbury is a state or government entity or that Granbury entered into contracts with any entities falling within the definition of "agency," nor can he do so.  Granbury is neither an Agency nor an Independent Contractor as those terms are defined under Fla. Stat. § 112.3187(4)(a) and (d).  Thus, Plaintiff's claim for violation of the Public-Sector Whistleblower's Act fails as a matter of law and should be dismissed, with prejudice.

**B.      Plaintiff is Not Within the Class of Employees Protected by the Act**

Likewise, Plaintiff does not fall within the class of employees protected by Florida's Public-Sector Whistleblower's Act.  The Act defines "employee" as "a person who performs services for, and under the control and direction of, or contract with, an agency or

independent contractor for wages or other remuneration."  Fla. Stat. § 112.3187(b).  Further, the

Act's protection is limited to employees who:

> disclose information on their own initiative in a written and signed
> complaint; who are requested to participate in an investigation,
> hearing, or other inquiry conducted by any agency or federal
> government entity; who refuse to participate in any adverse action
> prohibited by this section; or who initiate a complaint through the
> whistle-blower's hotline or the hotline of the Medicaid Fraud
> Control Unit of the Department of Legal Affairs; or employees
> who file any written complaint to their supervisory officials or
> employees who submit a complaint to the Chief Inspector General
> in the Executive Office of the Governor, to the employee
> designated as agency inspector general under s. 112.3189(1), or to
> the Florida Commission on Human Relations.

Fla. Stat. § 112.3187(7).

Plaintiff has not alleged that he worked for an agency or independent contractor.

Nor has he alleged that he disclosed information in a written and signed complaint, participated

in any sort of agency investigation or hearing, refused to participate in an adverse action,

initiated a complaint on the whistle-blower's hotline, or engaged in any of the other types of

disclosures set forth in the statute.  According to Plaintiff, he only complained to an unidentified

Vice President of Granbury and/or Novanovapos, Inc.  Because he does not fall within the

definition of "employee" and did not engage in any of the activities enumerated in section

112.3187(7), Florida Statutes, Plaintiff is not entitled to the protection of the Act.  Thus, Count

VII of the Complaint must be dismissed, with prejudice.

### C.     The Alleged Disclosure is Not the Type of Information Specified for Protection Under the Act

The only supposed "protected activity" alleged is Plaintiff's complaint to an

unidentified Vice President of one or both defendant companies.  Thus, even if Plaintiff could

establish he is within the class of persons protected by the Act, he cannot state a claim due to the practical insignificance of the information disclosed.

Section 112.3187(5), Florida Statutes, provides that the information disclosed must include:

> (a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of any agency or independent contractor which creates and presents a *substantial and specific danger to the public's health, safety, or welfare*.
>
> (b) Any act or suspected act of *gross mismanagement, malfeasance, misfeasance, nonfeasance, gross waste of public funds, or neglect of duty* committed by an employee or agent of an agency or independent contractor.

See Fla. Stat. § 112.3187(5) (emphasis added).  Clearly, the legislature contemplated only the protection of employees reporting truly weighty matters.  Further, the disclosure must be made to "any agency or federal government entity having the authority to investigate, police, manage, or otherwise remedy the violation or act."  Fla. Stat. § 112.3187(6).

The sole disclosure alleged in the Complaint is an internal complaint to the Vice President of Granbury and/or Novanovapos, Inc. – not an external agency or governmental entity.  That, in itself, warrants dismissal for failure to state a claim.  See, e.g., Cummins v. Lake County Bd. of County Comm'rs, 671 So. 2d 893 (Fla. 5th DCA 1996) (affirming summary judgment in favor of employer on grounds that employee's internal communications did not rise to the level of a statutory disclosure).  Further, no reasonable person could view an internal complaint about a company's alleged copying of unauthorized software as creating a "substantial and specific danger to the public's health, safety, or welfare" or rising to the level of "gross management, malfeasance, misfeasance, nonfeasance, gross waste of public funds, or neglect of duty," as required to state a claim under the Act.  In sum, the alleged information disclosed lacks

the significance of the types of disclosures that were intended to be encouraged by the enactment of the Public-Sector Whistleblower's Act.  For these reasons, Plaintiff's Florida Public-Sector Whistleblower Act claim fails as a matter of law, and the Court should dismiss Count VII of the Complaint, with prejudice.

## POINT IV

**COUNTS VI AND VII OF PLAINTIFF'S COMPLAINT ARE UNDULY VAGUE AND THEREFORE GRANBURY ALTERNATIVELY REQUESTS THAT THE COURT REQUIRE PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT**

Should the Court not grant Granbury's Motion to Dismiss, Granbury requests that, in the alternative, the Court order Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).  Counts VI and VII of Plaintiff's Complaint are unduly vague and ambiguous such that Granbury cannot reasonably prepare a response.  Among other things, the Complaint fails to identify:

(1) which of the five Defendants allegedly copied unauthorized software;

(2) the brand/name of the software that was allegedly copied without authorization;

(3) the identity of the Vice President to whom Plaintiff allegedly complained;

(4) the nature of the complaint(s) and Plaintiff's alleged refusal to use the software (*i.e.*, verbal or written);

(5) the date(s) when the complaint(s) and alleged refusal(s) occurred;

(6) the way(s) Plaintiff was purportedly mistreated after refusing to use the allegedly unauthorized software; and

(7) the specific laws, rules, and regulations that Plaintiff claims Defendants violated.

Given these deficiencies, Granbury requires more information to prepare an answer to Counts VI and VII. See, e.g., Gombos v. Cent. Mortg. Co., No. 10-81296-CIV-MARRA/JOHNSON, 2011 U.S. Dist. LEXIS 21413, at *5 (S.D. Fla. Mar. 3, 2011) ("a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it.  Such detail should not be left to discovery, for the purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.") (internal citations omitted).  Thus, a more definite statement as to Counts VI and VII is required.

## CONCLUSION

For the reasons set forth above, Plaintiff has not pled – and cannot plead – sufficient facts to state a claim for violations of Florida's Private-Sector and Public-Sector Whistleblower's Acts.  Accordingly, Granbury requests that this Court: (1) dismiss Counts VI and VII of Plaintiff's Complaint, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) award it reasonable attorneys' fees, costs, and expenses pursuant to, among other things, Fla. Stat. § 448.104; and (3) award Granbury such other and further relief as the Court deems just and appropriate.  Alternatively, Granbury requests that the Court order Plaintiff to provide a more definite statement as to Counts VI and VII.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

Dated:  April 12, 2016                         Respectfully submitted,

By:  s/ Jennifer A. Schwartz
Jennifer A. Schwartz, Esq.
Florida Bar No.: 502431
Email: *jennifer.schwartz@jacksonlewis.com*
Allison M. Gluvna, Esq.
Florida Bar No. 041075
Email: *allison.gluvna@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   305-577-7600
Facsimile:   305-373-4466

*Counsel for Defendant, Diamond Touch,
Inc., d/b/a Granbury Solutions*

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document is being served on April 12, 2016 on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Allison M. Gluvna
Allison M. Gluvna, Esq.

14

## <u>SERVICE LIST</u>

### FRANK SANTANA, *ET AL.* V. DIAMOND TOUCH, INC., *ET AL.*
CASE NO. 16-cv-21292

Anthony M. Georges-Pierre, Esq. (533637)
Email: *agp@rgpattorneys.com*
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*Counsel for Plaintiff,*
*Frank Santana*

Served via transmission of Notices of
Electronic Filing generated by CM/ECF

Jennifer A. Schwartz, Esq. (502431)
Email: *jennifer.schwartz@jacksonlewis.com*
Allison M. Gluvna, Esq. (041075)
Email: *allison.gluvna@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

*Counsel for Defendant,*
*Diamond Touch, Inc., d/b/a Granbury*
*Solutions*

Served via transmission of Notices of
Electronic Filing generated by CM/ECF

4813-5679-7743, v. 2

15