UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:16-cv-21292-CMA

FRANK SANTANA, and other similarly situated individuals,

        Plaintiffs,

v.

DIAMOND TOUCH, INC., d/b/a GRANBURY SOLUTIONS, a Foreign Profit Corporation, *et al.*,

        Defendants.

_____/

**DIAMOND TOUCH, INC. D/B/A GRANBURY SOLUTIONS' ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant, Diamond Touch, Inc., d/b/a Granbury Solutions ("Granbury"), by and through its undersigned counsel, hereby files its Answer and Statement of Affirmative Defenses to the First Amended Complaint filed by Plaintiffs, Frank Santana ("Santana") and Jennifer Artidiello ("Artidiello") (collectively, "Plaintiffs"), as follows:

1. Granbury admits that Plaintiffs filed this action purportedly on behalf of themselves and other similarly situated individuals alleging damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), except denies that Plaintiffs or any other individuals are entitled to any relief or damages in this action or that Granbury has committed any of the unlawful employment practices alleged in the First Amended Complaint.

2. Granbury neither admits nor denies the allegations contained in Paragraph 2 of the First Amended Complaint, as they call for a legal conclusion to which no response is

CASE NO. 1:16- cv-21292-CMA

required.  Granbury does not contest the jurisdiction of the United States District Court for the Southern District of Florida over Plaintiff's FLSA claims.

       3.      Granbury is without knowledge or information sufficient to form a belief regarding Plaintiffs' residency and, therefore, denies those allegations.  Granbury neither admits nor denies the remaining allegations contained in Paragraph 3 of the First Amended Complaint, as they call for a legal conclusion to which no response is required.

       4.      Granbury admits that it has had a location in Miami-Dade County, Florida since May 1, 2014, and that Plaintiffs worked at that location.  Granbury neither admits nor denies the remaining allegations contained in Paragraph 4 of the First Amended Complaint, as they call for a legal conclusion to which no response is required.

       5.      Granbury is without knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 5 of the First Amended Complaint and, therefore, denies same.

       6.      Granbury is without knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 6 of the First Amended Complaint and, therefore, denies same.

       7.      Granbury is without knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 7 of the First Amended Complaint and, therefore, denies same.

       8.      Granbury is without knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 8 of the First Amended Complaint and, therefore, denies same.

CASE NO. 1:16- cv-21292-CMA

9. Granbury avers that Plaintiff Santana purports to seek relief under Fla. Stat. §§ 448.101, *et seq.* and 112.3187, except denies that Plaintiff is entitled to any relief or damages in this action.

10. Granbury neither admits nor denies the allegations contained in Paragraph 10 of the First Amended Complaint, as they call for a legal conclusion to which no response is required.

11. Granbury avers that Plaintiffs seek recovery of declaratory, injunctive, legal and equitable relief, except deny that Plaintiffs are entitled to any such damages in this action.

12. Granbury neither admits nor denies the allegations contained in Paragraph 12 of the First Amended Complaint, as they call for a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

13. Granbury avers that Santana worked for Granbury as a non-exempt employee from July 2014 through January 2016. The remaining allegations contained in this Paragraph are denied.

14. Granbury denies the allegations contained in Paragraph 14 of the First Amended Complaint.

15. Granbury admits that it has knowledge of the hours worked by Santana.

16. Granbury denies the allegations contained in Paragraph 16 of the First Amended Complaint.

17. Granbury denies the allegations contained in Paragraph 17 of the First Amended Complaint.

CASE NO. 1:16- cv-21292-CMA

  18.  Granbury denies the allegations contained in Paragraph 18 of the First Amended Complaint.

  19.  Granbury denies the allegations contained in Paragraph 19 of the First Amended Complaint.

  20.  Granbury denies the allegations contained in Paragraph 20 of the First Amended Complaint.

  21.  Granbury denies the allegations contained in Paragraph 21 of the First Amended Complaint.

  22.  Granbury denies the allegations in Paragraph 22 of the First Amended Complaint.

  23.  Granbury denies the allegations contained in Paragraph 23 of the First Amended Complaint.

  24.  Granbury admits that has knowledge of the hours worked by Artidiello.

  25.  Granbury denies the allegations contained in Paragraph 25 of the First Amended Complaint.

  26.  Granbury denies the allegations contained in Paragraph 26 of the First Amended Complaint.

  27.  Granbury denies the allegations contained in Paragraph 27 of the First Amended Complaint.

CASE NO. 1:16- cv-21292-CMA

**COUNT I**
**Wage & Hour Federal Statutory Violation Against Diamond**
**Touch, Inc. d/b/a Granbury Solutions**

28. Granbury repeats and reasserts its responses to Paragraphs 1 through 27 of the First Amended Complaint as though fully set forth herein.

29. Granbury avers that Plaintiffs purport to seek the relief set forth in Paragraph 29 of the Amended Complaint, except denies that Plaintiffs are entitled to any relief or damages in this action or that Granbury has committed any of the unlawful employment practices alleged in the First Amended Complaint.  Granbury avers that 29 U.S.C. § 201, *et seq.* speaks for itself.

30. Granbury neither admits nor denies the allegations contained in Paragraph 30 of the First Amended Complaint, as they call for a legal conclusion to which no response is required.  Granbury does not contest the jurisdiction of the United States District Court for the Southern District of Florida over Plaintiff's FLSA claims.

31. Granbury neither admits nor denies the allegations contained in Paragraph 31 of the First Amended Complaint, as they call for a legal conclusion to which no response is required.

32. Granbury admits its annual gross revenue exceeded $500,000 per annum and denies the remaining allegations contained in Paragraph 32 of the First Amended Complaint.

33. Granbury neither admits nor denies the allegations contained in Paragraph 33 of the First Amended Complaint, as they call for a legal conclusion to which no response is required.

34. Granbury avers that Plaintiffs purport to seek to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of the

CASE NO. 1:16- cv-21292-CMA

Complaint, except denies that Plaintiffs are entitled to any relief or damages in this action or that Granbury has committed any of the unlawful employment practices alleged in the First Amended Complaint.

35. Granbury denies the allegations contained in Paragraph 35 of the First Amended Complaint.

36. Granbury denies the allegations contained in Paragraph 36 of the First Amended Complaint.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 36 of the First Amended Complaint, Granbury denies that Plaintiffs are entitled to any damages or any of the relief sought herein, including the relief requested in subparagraphs A through E.

### COUNT II
### Wage & Hour Federal Statutory Violation Against
### Novanovapos Inc. d/b/a Nova Point of Sale

37.-45. The allegations contained in Paragraphs 37 through 45 of the First Amended Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, Novanovapos Inc. d/b/a Nova Point of Sale, and do not require an answer from Granbury. To the extent that a response is required from Granbury, Granbury repeats and realleges the statements and denials set forth in Paragraphs 1 through 27 of this Answer, and denies the allegations contained in Paragraphs 37 to 45 of the First Amended Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs.

CASE NO.  1:16- cv-21292-CMA

### COUNT III
### Wage & Hour Federal Statutory Violation Against
### Shai Benamo

38.-42 (corrected 46.–50.)[1]  The allegations contained in Paragraphs 46 through 50 of the First Amended Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, Shai Benamo, and do not require an answer from Granbury.  To the extent that a response is required from Granbury, Granbury repeats and realleges the statements and denials set forth in Paragraphs 1 through 27 of this Answer, and denies the allegations contained in Paragraphs 46 to 50 of the First Amended Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs.

### COUNT IV
### Wage & Hour Federal Statutory Violation Against
### Ori Tamuz

43.-47 (corrected 51.–55.)  The allegations contained in Paragraphs 51 through 55 of the First Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, Ori Tamuz, and do not require an answer from Granbury.  To the extent that a response is required from Granbury, Granbury repeats and realleges the statements and denials set forth in Paragraphs 1 through 27 of this Answer, and denies the allegations contained in Paragraphs 51 to 55 of the First Amended Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs.

---

[1] Granbury notes that the Paragraphs of the First Amended Complaint, commencing with what should be numbered Paragraph 46, are numbered incorrectly.  Therefore, for clarity purposes, Granbury refers herein to the Paragraphs by their correct number throughout the remainder of this Answer.

CASE NO. 1:16- cv-21292-CMA

## COUNT V
### Wage & Hour Federal Statutory Violation Against
### Amir Egel

48.-52. (corrected 56.–60.)  The allegations contained in Paragraphs 56 through 60 of the First Amended Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs, are directed at Co-Defendant, Amir Egel, and do not require an answer from Granbury.  To the extent that a response is required from Granbury, Granbury repeats and realleges the statements and denials set forth in Paragraphs 1 through 27 of this Answer, and denies the allegations contained in Paragraphs 56 to 60 of the First Amended Complaint, including the unnumbered "WHEREFORE" clause immediately following said Paragraphs.

## COUNT VI
### Violation of § 448.102, Florida Statutes Against
### Diamond Touch, Inc. d/b/a Granbury Solutions and
### Novanovapos Inc. d/b/a Nova Point of Sale
(incorrectly numbered as Paragraphs 53-58)

61. (incorrectly numbered 53) Granbury repeats and reasserts its responses to Paragraphs 1 through 27 of the Complaint as though fully set forth herein.

62. (incorrectly numbered 54) Granbury avers that §448.102, Florida Statutes speaks for itself.

63. (incorrectly numbered 55) Granbury denies the allegations contained in Paragraph 63 of the First Amended Complaint.

64. (incorrectly numbered 56) Granbury denies the allegations contained in Paragraph 64 of the First Amended Complaint.

65. (incorrectly numbered 57) Granbury denies the allegations contained in Paragraph 65 of the First Amended Complaint.

66. (incorrectly numbered 58) Granbury avers that Santana purports to seek attorneys' fees and costs as set forth in Paragraph 66 of the Amended Complaint, except denies that Santana is entitled to attorneys' fees and costs.

In response to the unnumbered WHEREFORE clause immediately following Paragraph 66 (incorrectly numbered 58) of the First Amended Complaint, Granbury denies that Plaintiffs are entitled to any of the damages requested therein and further denies that Plaintiff Santana was subjected to retaliatory conduct in violation of Fla. Stat. § 448.101, *et seq*.

## JURY DEMAND

Granbury avers that Plaintiffs have demanded a trial by jury on all issues so triable, except denies that there exist any issues to be tried.

## STATEMENT OF AFFIRMATIVE DEFENSES

As separate and distinct defenses to the First Amended Complaint, Granbury alleges the following:

## GENERAL DENIAL

Granbury denies each and every allegation of fact, conclusion of law, or other matter contained in the First Amended Complaint that has not been expressly admitted in this pleading.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims under the FLSA and for liquidated damages are barred on the grounds that, pursuant to 29 U.S.C. §§ 258(a) and 259(a), the acts or omissions complained of in this case were in good faith and in conformity with and in reliance on written administrative

9

regulations, orders, rulings, approvals or other interpretations of the Administrator of the Wage and Hour Division of the Department of Labor, and Granbury had reasonable grounds to believe that it was not violating the FLSA.

### SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in part, because Artidiello was not misclassified as exempt from the overtime requirements of the FLSA –she was employed as a non-exempt employee.

### THIRD AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in part, because the acts and omissions complained of by Artidiello were made in good faith in reliance on the executive, administrative and/or tacking exemption of the FLSA, 29 U.S.C. §213(a)(1), and Granbury had reasonable grounds for believing its acts or omissions were not violations of the FLSA because of the managerial duties and functions Artidiello performed while employed by Granbury.

### FOURTH AFFIRMATIVE DEFENSE

Any claim for overtime compensation must be offset by any compensation paid to Plaintiffs, at their regular rate or otherwise, for meal breaks, other breaks, vacation and holidays, as well as for hours worked in excess of 40 hours each workweek, if any.

### FIFTH AFFIRMATIVE DEFENSE

Granbury asserts that Plaintiffs' unpaid overtime activities in the Complaint, to the extent learned in discovery that any actually existed, were non-compensable by express contract, custom, or practice.

CASE NO. 1:16- cv-21292-CMA

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs were responsible for recording and reporting their own work hours. Thus, Plaintiffs' claims under the FLSA are barred by the doctrine of estoppel, waiver, and/or unclean hands to the extent that Plaintiffs seek compensation for hours of work which contradict their prior representations regarding the hours they worked during their employment.

## SEVENTH AFFIRMATIVE DEFENSE

Any work performed by Plaintiffs was completely voluntary in nature and without Granbury's knowledge or authorization, was not required by Granbury as a term or condition of Plaintiffs' continued employment, and does not constitute compensable working time under the FLSA.

## EIGHTH AFFIRMATIVE DEFENSE

Even if the allegations contained in Plaintiffs' First Amended Complaint are true (which they are not), to the extent that the time for which Plaintiffs allege they have not been compensated involves only insubstantial or insignificant periods of time, these period of time are "*de minimis*" and are not compensable under the FLSA pursuant to 29 C.F.R. § 785.47.

## NINTH AFFIRMATIVE DEFENSE

Granbury seeks a good-faith extension of the law, such that Plaintiffs' claims are barred, in whole or in part, based on the principles set forth in Faragher v. City of Boca Raton, 524 U.S. 775 (1998), that Granbury exercised reasonable care to prevent and promptly correct any violation of the FLSA, and Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Granbury or to avoid harm otherwise. Granbury acted, and continue to act, in conformity with and in reliance upon the FLSA and any and all other applicable law(s), rule(s) and/or regulation(s). Based upon Plaintiffs' job duties, classification,

11

and work performed, Plaintiffs received proper compensation from Granbury during their employment.

### TENTH AFFIRMATIVE DEFENSE

Granbury reserves its right to assert that the claims of a yet unnamed member of the collective action (assuming this matter proceeds as a collective action, which it should not) are barred, in whole or in part, by the relevant statute(s) of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Granbury reserves its right to assert that the claims of a yet unnamed member of the collective action (assuming this matter proceeds as a collective action, which it should not) are barred, in whole or in part, to the extent they seek to recover monies for periods prior to May 1, 2014, because Granbury did not acquire the location where Plaintiffs worked until May 1, 2014.

### TWELFTH AFFIRMATIVE DEFENSE

For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to maintain this lawsuit as a collective action to the extent that discovery reveals they are not adequate representatives of those individuals they purport to represent.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to maintain this lawsuit as a collective action. Plaintiffs cannot satisfy the numerosity, commonality, typicality, and/or the adequate representative

CASE NO. 1:16- cv-21292-CMA

standards and/or requirements necessary for this case to proceed as an opt-in class or collective action

Granbury reserves the right to raise additional affirmative defenses as discovery may reveal.

WHEREFORE, having answered the First Amended Complaint and having raised affirmative defenses thereto, Defendant, Diamond Touch, Inc. d/b/a Granbury Solutions, respectfully requests that the Court: (a) dismiss with prejudice the First Amended Complaint in its entirety; (b) award Granbury its costs, disbursements, and attorneys' fees; and (c) award Granbury such other and further relief as this Court may deem just and appropriate.

Dated: May 2, 2016

Respectfully submitted,

By: s/ Jennifer A. Schwartz
Jennifer A. Schwartz, Esq.
FL Bar No. 502431
E-mail: *jschwartz@littler.com*
Samantha Dunton-Gallagher, Esq.
FL Bar No. 105100
E-mail: *sdunton@littler.com*
**LITTLER MENDELSON P.C.**
333 S.E. 2nd Avenue
Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552
*Counsel for Defendant, Diamond Touch, Inc. d/b/a Granbury Solutions*

CASE NO. 1:16- cv-21292-CMA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on May 2, 2016 on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Jennifer A. Schwartz
Jennifer A. Schwartz, Esq.

## SERVICE LIST

**FRANK SANTANA, *ET AL.* V. DIAMOND TOUCH, INC., *ET AL.*
CASE NO: 1:16-CV-21292-CMA**

Anthony M. Georges-Pierre, Esq. (533637)
Email: *agp@rgpattorneys.com*
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile:  (305) 416-5005

*Counsel for Plaintiffs,*
*Frank Santana and Jennifer Artdiello*

Netali Peles, Esq. (84558)
ELP Global, PLLC
Email: *netali@elpglobal.com*
945 Pennsylvania Avenue, Suite 102
Miami, Florida 33139
Telephone: (786) 253-1173

*Counsel for Novanovapos Inc.*
*d/b/a Nova Point of Sale and Ori Tamuz*

4824-4476-0111, v. 2